■ CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant, v GLORIA McNEELY, Respondent.—Order unanimously affirmed, without costs, for the reason, as stated in the decision at Family Court, Hallenbeck, J., that the word "dead" as used in section 384-b (subd 4, par [a]) of the Social Services Law is not to be interpreted as including a person deemed "civilly dead" pursuant to subdivision 1 of section 79-a of the Civil Rights Law. We add only that if there is merit to petitioner's argument that policy considerations favor a contrary construction, it is for the Legislature, not the judiciary, to make an appropriate declaration (*Matter of Anonymous [St. Christopher's Home],* 40 NY2d 96, 102; *Matter of Siebert [Citizens Sav. & Loan Assn. of N. Y.—Astoria Sav. & Loan Assn.],* 99 Misc 2d 32) (Appeal from order of Chautauqua County Family Court—Social Services Law, § 384-b.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.